### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No 1:13-cr-00256-RDP-TMP |
| ) | |
| ALLEN KEITH WILLIAMS. ) | |

### FINDINGS OF FACT AND STATEMENT OF
### REASONS FOR PRETRIAL DETENTION

This matter is before the Court on the Government's motion for pretrial detention of defendant Allen Keith Williams.  The Government contends that there is no condition or combination of conditions that the Court may impose that will reasonably assure that Mr. Williams will appear as required and that he will not endanger the safety of any other person and the community.  Pursuant to 18 U.S.C. § 3142(f), the Court conducted a detention hearing on July 8, 2013.  Based on the record created at the hearing, the Court ordered the pretrial detention of Mr. Williams.  Pursuant to 18 U.S.C. § 3142(i)(1), the Court provides the following written findings of fact and statement of the reasons for pretrial detention.

### PROCEDURAL BACKGROUND

In an indictment filed in June 2013, the Grand Jury charged that on or about January 21, 2010, Mr. Williams violated 18 U.S.C. § 922(g)(1).  Because of his criminal history, given the charges against him, the Government contends that Mr.

Williams is facing a potential sentence of 15 years to life, so he is likely to flee if released pretrial.

According to the Pretrial Services Report, Mr. Williams does have a lengthy criminal history. That history begins in 1986 and runs through 2010. At the time of his arrest on the charges in this case, Mr. Williams was on parole on state charges. Based on this information, the United States Probation Office recommends detention.

Mr. Williams's brother, William H. Williams, III, expressed his willingness to serve as a third-party custodian and testified that he understands the responsibilities that he would undertake if the Court appointed him.

## FINDINGS OF FACT AND STATEMENT OF THE REASONS FOR DETENTION

Pursuant to 18 U.S.C. § 3142, the Court grants the Government's request for pretrial detention. In evaluating the Government's motion, the Court considered whether there are conditions that would reasonably assure Mr. Williams's future appearance at proceedings in this matter and the safety of the community if the Court were to release Mr. Williams. Section § 3142(g)'s factors weigh in favor of detention.

The first factor, the nature and circumstances of the offense charged, counsels in favor of detention. Mr. Williams, an alleged convicted felon, is

charged with knowingly possessing six (6) firearms in or affecting commerce. The second factor, the weight of the evidence against Mr. Williams, also supports detention. Although he is presumed innocent, the Government contends that Mr. Williams confessed to the charges against him.[1] Mr. Williams's criminal history supports detention as does the fact that Mr. Williams was on parole on state charges when the conduct at issue in the indictment occurred.

The Court acknowledges that Mr. Williams's brother is a suitable third-party custodian, but the Court nevertheless concludes on the record before it that no condition or combination of conditions will reasonably assure the Court that Mr. Williams will not flee and that he will not pose a threat to himself or to the community. The Court accepts the United States Probation Office's detention recommendation.

## **CONCLUSION**

Having considered the nature of the charges against Mr. Williams, Mr. Williams's criminal history, and the recommendation of the United States Probation Office, the Court finds that there is no condition or combination of conditions that the Court may impose that would reasonably assure that Mr.

---

[1] Mr. Williams contests this assertion.

Williams will not flee or pose a threat to a member of the community.  Therefore, the Court orders his pretrial detention.

Done, this the 9th day of July, 2013.

_____
MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE